# Murray & Kimball, LLC

### Counselors At Law
15 Warren Street, Suite 20
Hackensack, New Jersey 07601
(201) 488-4811
FAX: (201) 488-4781
E-MAIL: MURRAYKIMBALL@YAHOO.COM

WILLIAM J. MURRAY

JAMES P. KIMBALL

**FILED ELECTRONICALLY**

March 24, 2008

Honorable Dennis M. Cavanaugh, U.S.D.C.
U.S. Post Office & Courthouse
P.O. Box 999
Newark, New Jersey 07102-0999

> **Re:    USA v. Thomas Telfair**
> **Criminal No. 07-272 (DMC)**

Dear Judge Cavanaugh:

Enclosed please find Defendant Telfair's pretrial motions.  Pursuant to Your Honor's Status Conference Order of January 28, 2008, these motions were due on March 3, 2008 to be returnable on March 31, 2008.  The trial date is April 8, 2008.  Please note that my involvement in this case began on January 28, 2008 and I have not had sufficient time to prepare these motions.  I apologize for the delay and for failing to timely advise the Court of my situation.  I have received hundreds of pages of material from my client and had to review them as the defendant has prepared a significant amount of legal documentation and I believe he has already filed *pro se* motions with the Court.

I respectfully request the Court to not punish my client's ability to fully and fairly defend himself by way of pretrial motions because of the actions of his attorney.  I thank you for your consideration.

Respectfully submitted,
MURRAY & KIMBALL, LLC

By:    /s/ James P. Kimball
JAMES P. KIMBALL (JK-9013)
15 Warren Street, Suite 20
Hackensack, New Jersey 07601
(201) 488-4811
Attorneys for Defendant, Thomas Telfair

cc:    AUSA Joseph N. Minish (via ECF & regular mail)
Thomas Telfair (via regular mail)

Enc.

MURRAY & KIMBALL, LLC
15 Warren Street, Suite 20
Hackensack, New Jersey 07661
(201) 488-4811
Attorneys for Defendant, Thomas Telfair

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

| UNITED STATES OF AMERICA, | Criminal No. 07-272 (DMC) |
|---|---|

UNITED STATES OF AMERICA,          |          Criminal No. 07-272 (DMC)
        Plaintiff,          |
v.          |
                  |          NOTICE OF MOTION TO
THOMAS TELFAIR,          |          SUPPRESS; DISMISS CHARGES;
        Defendant.          |          AND FOR EARLY DISCLOSURE
                  |          OF ADDITIONAL DISCOVERY
                  |
_____ |

TO:    The Honorable Dennis M. Cavanaugh, U.S.D.J.
        U.S. Post Office & Courthouse
        P.O. Box 999
        Newark, New Jersey 07101-0999

        Clerk, United States District Court
        U.S. Post Office & Courthouse
        P.O. Box 999
        Newark, New Jersey 07101-0999

        AUSA Joseph N. Minish
        United States Attorney's Office
        970 Broad Street, Suite 700
        Newark, New Jersey 07102

        PLEASE TAKE NOTICE THAT defendant, Thomas Telfair, through his attorneys, Murray

& Kimball, LLC (James P. Kimball, Esq. appearing) move before the Honorable Dennis M.

Cavanaugh, U.S.D.J., in the United States District Court for the District of New Jersey on March 31,

2008, or as soon thereafter as counsel may be heard, for an Order

(1)     (a) suppressing any and all statements taken from Thomas Telfair by law

enforcement; and (b) suppressing any and all evidence seized by law enforcement as a result

of the warrantless search of the premises known as 185 Parker Street, Newark, New Jersey;

(2)     dismissing Superseding Indictment pursuant to the Speedy Trial Act;

(3)     compelling the government to produce all FBI reports and/or all other reports of any

law enforcement agency in this matter and all other documentation produced in connection with any

and all investigations by the FBI or any other law enforcement agency with regard to this matter;

(4)     for early production of all Brady materials;

(5)     for early production of Jencks and impeachment materials;

(6)     for early production of Giglio information as to any and all videotaped, audiotaped,

written, or verbal statements or memoranda or reports of any such statements, together with

any expressed or implied agreements for cooperation between the government and any

witness;

(7)     for early production of any evidence the Government will seek to introduce under

Rule 404(b);

(8)     requiring the Government to preserve its agents' notes;

(9)     allowing the defense to inspect all physical evidence either seized or which the

government intends to use at trial pursuant to Fed. R. Crim. Proced. 16(a)(1)(E);

(10)    allowing the defense to inspect and receive a copy of all forensic examinations and

test results, together with an identification of all expert witnesses and production of their

reports and curriculum vitae pursuant to Fed. R. Crim. Proced. 16(a)(1)(F) and 16(a)(1)(G);

(11)    precluding any mention at trial of Thomas Telfair's prior criminal history (other than

if he testifies at trial);

(12)    requiring the government to produce a list of all pre-marked trial exhibits it intends to introduce in the trial of this matter;

(13)    requiring the government to provide the defense with a bill of particulars;

(14)    granting permission to file additional pretrial motions up to the date set for trial, and for such other and further relief as the Court deems just and proper.

In support of this Motion, defendant, Thomas Telfair, shall rely upon the attached memorandum of law and will further rely upon oral argument and, where necessary, the taking of testimony under Fed. R. Evid. 104.

MURRAY & KIMBALL, LLC

By:    /s/ James P. Kimball
JAMES P. KIMBALL (JK-9013)
15 Warren Street, Suite 20
Hackensack, New Jersey 07601
(201) 488-4811
Attorneys for Defendant, Thomas Telfair

Dated: March 24, 2008

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA,          |                    Criminal No. 07-272 (DMC)
           Plaintiff,          |
v.                                                    |
                                                          |
THOMAS TELFAIR,                          |
           Defendant.          |
                                                          |
                                                          |
_____ |

_____

DEFENDANT THOMAS TELAIR'S MEMORANDUM OF LAW
IN SUPPORT OF HIS PRETRIAL MOTIONS

_____


                               MURRAY & KIMBALL, LLC
                               15 Warren Street, Suite 20
                               Hackensack, New Jersey 07661
                               (201) 488-4811
                               Attorneys for Defendant, Thomas Telfair

James P. Kimball, Esq.
On the Brief

<u>PRELIMINARY STATEMENT</u>

Defendant, Thomas Telfair, hereby files his pre-trial motions:

(1)      for an order suppressing: (a) any and all statements allegedly made by Thomas

Telfair to law enforcement; and (b) for an order suppressing any and all evidence seized by

law enforcement as a result of the warrantless search of the premises known as 185 Parker

Street, Newark, New Jersey;

(2)      to dismiss the Superseding Indictment pursuant to the Speedy Trial Act;

(3)      to require production of all reports and documents produced by the FBI or other law

enforcement agency in connection to this matter;

(4)      to require production of all <u>Brady</u> materials;

(5)      for early production of <u>Jencks</u> and impeachment materials;

(6)      for early production of <u>Giglio</u> information;

(7)      for early production of any evidence the Government will seek to introduce under

Rule 404(b);

(8)      requiring the Government to preserve its agents' notes;

(9)      allowing the defense to inspect all physical evidence either seized or which the

government intends to use at trial pursuant to Fed. R. Crim. Proced. 16(a)(1)(E);

(10)      allowing the defense to inspect and receive a copy of all forensic examinations and

test results, together with an identification of all expert witnesses and production of their

reports and curriculum vitae pursuant to Fed. R. Crim. Proced. 16(a)(1)(F) and 16(a)(1)(G);

(11)      precluding any mention at trial of Thomas Telfair's prior criminal history (other than

if he testifies at trial);

(12)      requiring the government to produce a list of all pre-marked trial exhibits it   intends

to introduce in the trial of this matter;

(13)    requiring the government to produce a bill of particulars.

(14)    granting permission to file additional pretrial motions up to the date set for trial,

and for such other and further relief as the Court deems just and proper.

In addition to the foregoing applications, given the fact that Defendant Telfair has not yet had access to the complete set of discovery, including but not limited to certain electronic recordings, defendant Telfair reserves his right to make appropriate motions addressed to such evidence after they are made available and after he has an opportunity to fully review them.

<u>STATEMENT OF FACTS & PROCEDURAL HISTORY</u>

Based on the discovery provided by the government to date, defendant, Thomas Telfair, believes the evidence will show that on September 5, 2006 law enforcement officers from the Newark Police Department responded to 185 Parker Street, Newark, New Jersey, due to a report of gunfire at that location.  The officers entered the premises, believed to be a single family home, without a warrant.  They discovered what they believed to be a controlled dangerous substance, namely cocaine and heroin, inside of a refrigerator located inside of the home.

On September 6, 2006 agents of the DEA interviewed confidential informants who allegedly identified the defendant as an active participant in the business of selling narcotics from 185 Parker Street.  On September 6, 2006 agents of the DEA again searched the premises located at 185 Parker Street and recovered numerous documentation and identification with the name of the defendant on them.  Presumably, this search was also without a warrant.

On September 8, 2006 a Warrant for Arrest was issued for the defendant by the honorable Patty Schwartz, U.S.M.J., on a charge of conspiracy to distribute over 50 grams of cocaine and over 100 grams of heroin.

Defendant Telfair was arrested on or about January 23, 2007.  According to information provided by the government, defendant Telfair allegedly made numerous oral statements to law

enforcement officers following his arrest.  Specifically, defendant Telfair confessed to distributing over a kilogram of heroin and details about various other actors.

Defendant Telfair contends that before any statements were made, he requested an attorney. This request was repeated throughout the custodial interrogation.  Defendant Telfair also contends that he was suffering from a serious back injury and a broken hand at the time of his arrest.  He was also under the influence of prescription medication.  The statements were taken under duress and in violation of his Fifth and Sixth Amendment rights.  Moreover, the agents threatened to arrest and charge his wife with conspiracy if he did not confess.  Clearly, any statement thereafter was not voluntary.  Lastly, defendant Telfair contends that the statements attributed to him are not accurate. He denies the sum and substance of these alleged statements.  The government has not produced any documentation or other recording of these alleged statements.  The only document provided to date is the typed list of alleged statements contained in the AUSA's disclosure letter to Telfair's prior attorney.

Defendant was indicted on March 29, 2007 in a one-count indictment.  The charge was conspiracy of to distribute 100 grams or more of heroin.  Following a status conference, the motions were scheduled and the trial date was established as June 5, 2007.

On May 7, 2007 a Superseding Indictment was handed up charging the defendant with conspiracy to distribute over a kilogram of heroin.  There was absolutely no new information required to seek the new charge.  In fact, the government's case rests on an alleged confession that occurred on January 24, 2007 wherein he allegedly stated that he was involved in the distribution of over a kilogram of heroin.  This information was clearly available at the time of the original Indictment.

The motion and trial clock was reset at defendant's Arraignment before Judge Schwartz on May 30, 2007.  The new trial date was established and then several continuance orders were

entered.  The defendant has apparently filed his own motions, with counsel or *pro se*, and these motions have not been heard.  In December 2007, defendant sought the removal of his attorney and a CJA panel attorney was assigned.  On January 17, 2008 a CJA order appointing defendant's present counsel was entered and on January 28, 2008 counsel appeared and the motion and trial dates were again reset.

ARGUMENT

POINT I

DEFENDANT TELFAIR'S STATEMENTS TO LAW ENFORCEMENT AND ALL EVIDENCE SEIZED AS A RESULT OF THE WARRANTLESS SEARCH SHOULD BE SUPPRESSED

**a.  Statements.**

Defendant Thomas Telfair moves to suppress the following statements provided to law enforcement: (1) All alleged statements related to the interview conducted by DEA agents and any other law enforcement officers following his arrest on January 24, 2007; and  (2) any and all other statements allegedly made by Mr. Telfair to law enforcement.

The Fifth Amendment of the United States Constitution guarantees that a defendant may not be compelled to provide evidence against himself.  Thus, where self-incriminating statements are obtained through compulsion, those statements cannot be used against a defendant at trial.  Miranda v. Arizona, 384 U.S. 436 (1966); United States v. Walton, 10 F.3d 1024, 1028 (3d Cir. 1993).  The test of whether a self-incriminating statement is compelled is whether, "considering the totality of the circumstances, the free will of the witness was overborne."  United States v. Washington, 431 U.S. 181 (1977)(citations omitted).

Before the Government may introduce a defendant's incriminating statement, it generally must prove that the accused voluntarily, knowingly and intelligently waived his Miranda rights. Miranda v. Arizona, 384 U.S. at 475.  Although an express waiver is not necessary, courts will not

presume a waiver from a defendant's silence or subsequent confession alone.  Id. at 475.  A

defendant may invoke the right to remain silent or the right to counsel either prior to or during

interrogation.  The police must then cease all questioning.  Id. at 473-74; U.S. v. Tyler, 164 F.3d

150, 154-55 (3d Cir. 1998)(continued questioning of defendant after defendant stated he did not

wish to make statement violated Miranda even though officers repeated Miranda warnings before

telling defendant to tell the truth).  If the invocation of Miranda rights is ambiguous or equivocal,

further questioning is permissible.  Davis v. U.S., 512 U.S. 452, 458-89 (1994).   If the request is

clear, further questioning is permissible only if law enforcement officials scrupulously honor the

defendant's assertion of the right to remain silent.  Michigan v. Mosely, 423 U.S. 96, 102-04 (1975).

Custodial interrogation is an inherently coercive setting that triggers the privilege against

self incrimination.  In this case, there clearly was custodial interrogation as the defendant was under

arrest pursuant to a warrant for arrest and a criminal complaint.  Furthermore, Mr. Telfair contends

that the agents never advised him of his Miranda rights and they ignored his repeated requests to

have counsel present.  Additionally, defendant Telfair suffered from a broken hand that continued to

swell under the handcuffs as he was interrogated; he was under the influence of prescription

medication for a back injury; and the agents threatened to arrest and charge his wife, Katrina Telfair,

if he did not confess.  It is the Government's burden to demonstrate that under the totality of the

circumstances Mr. Telfair's statements were voluntary.

**b.  Warrantless search.**

Mr. Telfair further moves to suppress all evidence seized as a result of the warrantless

searches of the premises located at 185 Parker Street, Newark, New Jersey, conducted by the

Newark Police Department on September 5, 2006 and the DEA on September 6, 2006.  Mr. Telfair

also contends that his home located at 62 Winthrop Street, Newark, New Jersey, was also searched

without a warrant.  The defendant was arrested outside of this residence.   At this time, defendant

Telfair is unaware of any evidence seized at that location as there is no discovery of any such evidence.  Should the government attempt to produce evidence that was seized at this location, the defendant respectfully submits that it should be suppressed for the reasons stated below.

The Fourth Amendment to the United States Constitution provides that: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not issue except upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and papers and things to be seized."

The United States Supreme Court has applied a stringent standard with regard to searches of residential dwellings, as in the case at bar.  <u>Chimel v. California</u>, 395 U.S. 752 (1969); <u>Steagald v. United States</u>, 451 U.S. 204 (1981); <u>Payton v. New York</u>, 445 U.S. 573 (1980).  To guarantee that the search will be reasonable, the police must obtain, upon showing of probable cause, a search warrant from a neutral magistrate.  <u>Katz v. United States</u>, 389 U.S. 347 (1967).  Moreover, the warrant requirement is "subject to only a few specifically established and well-delineated exceptions,  <u>Id</u>. At 357.

In the instant matter, the government can show no reason for its failure to first obtain a warrant prior to searching 185 Parker Street on September 5 and 6, 2006.  The government may argue that the report of gunfire along with evidence that the home was in fact shot at, provides "exigent circumstances" to enter and search the home.  However, the illegal contraband in this case was located inside of a refrigerator.  It is not reasonable to believe that there was some special emergent reason for opening and searching that refrigerator.  Furthermore, there is no evidence of any continuing gunfire activity, no evidence of immediate harm or danger to any person, thus, there is no reason to believe that the residence could not be secured while a warrant was obtained.  This continued to be the case when the searches continued the following day.  Therefore, all evidence seized therein must be suppressed.

In advance of such hearings, Mr. Telfair requests that any additional documentation related to these alleged statements and the evidence seized be provided to the defendant sufficiently in advance of the hearing so that defense counsel can adequately prepare.

POINT II

THE SUPERCEDING INDICTMENT SHOULD BE DISMISSED
PURSUANT TO THE SPEEDY TRIAL ACT OF 1974.

The original Indictment was filed on March 29, 2007.  It charges the defendant with one count of conspiracy to distribute over 100 grams of heroin.  The Superseding Indictment was filed on May 7, 2007.  It charges the defendant with one count of conspiracy to distribute over one kilogram of heroin.  The information used to secure the Superseding Indictment was the exact same information used to seek the original Indictment.  Specifically, the government relies on the alleged statements of the defendant made on January 24, 2007 while in custody.  The government can identify no new information that they utilized in order to secure the Superseding indictment.

The Speedy Trial Act of 1974 requires the government to commence trial within 70 days from the date the information or indictment was filed, or from the date the defendant appears before an officer of the court in which the charge is pending, whichever is later. 18 U.S.C. §3161(c)(1). The Act also provides that a trial may not commence within 30 days from the defendant's first appearance after the indictment.  However, the Supreme Court in United States v. Rojas-Contreras, 474 U.S. 231 (1985), held that the 30-day trial preparation period is not restarted upon the filing of a substantially similar superseding indictment.

For the foregoing reasons, the Superseding Indictment must be dismissed.

POINT III

PURSUANT TO RULE 16 AND CONSISTENT WITH <u>BRADY V. MARYLAND</u>, THE
DEFENDANT SEEKS DISCLOSURE OF ANY AND ALL EXCULPATORY AND/OR
FAVORABLE INFORMATION WITHIN THE GOVERNMENT'S POSSESSION OR
UNDER ITS EXCLUSIVE CONTROL.

Due process considerations require the Government to disclose evidence favorable or
detrimental to the Government's case.  Upon request, such information must be disclosed to the
defense.  <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).  In <u>Brady</u>, the Supreme Court held that
irrespective of good or bad faith, suppression by the prosecution of evidence favorable to a
defendant who has requested evidence violates due process where such evidence is material to
either guilt or punishment.  Thus, the Supreme Court imposes an affirmative duty on the
prosecution to produce at the appropriate time requested evidence that is materially favorable to the
accused, either as direct or impeaching evidence.  <u>Brady</u> is not a rule of discovery but a rule of
fairness and minimum prosecutorial obligation.  <u>United States v. Starusko</u>, 729 F.2d 256, 262 (3d
Cir. 1984).  The requirement of candor by the sovereign includes any information which concerns a
witness' credibility, as well as matters cogent to the guilt or innocence of the accused.  <u>Napue v.
Illinois</u>, 360 U.S. 264 (1959); <u>Giglio v. United States</u>, 405 U.S. 150 (1972).  Since the jury's
estimate of the truthfulness and reliability of a given witness may be determinative of guilt or
innocence, subtle factors such as the possible interest or motives of the witness testifying become
crucial to a fair assessment of such testimony.

The defendant specifically requests information and evidence, including but not limited to
the Government's promises and/or arrangements to produce testimony from any witness or
evidence that tends to show prejudice and/or tends to impeach credibility of any witness and any
information that falls within the purview of <u>Brady</u>.  More particularly, the following specific
information is demanded:

(a)  Any information, in any form whatsoever, the existence of which is known or by the exercise of due diligence may become known to the Government bearing upon the credibility of any person who the Government intends to call at trial, including but not limited to any prior criminal arrests or convictions, any fraudulent activity and any pending criminal or civil investigation related to any activity of such person;

(b)  Any and all evidence having to do with criminal conduct – local, state, or federal, on the part of any person whom the prosecution intends to call as a witness at trial or of which the prosecution, its agents and representatives have become aware;

(c)  Any and all promises, understanding, or agreements, formal or informal, between the prosecution, its agents and representatives, and persons whom the Government intends to call as witnesses at trial, together with copies of any and all documentation pertaining thereto;

(d)  Any and all actions, promises, efforts, or inducements, formal or informal, on the part of the Government, its agents and representatives, to aid, assist or obtain benefits of any kind, at any time, for persons whom the Government considers a potential witness at trial;

Brady requires disclosure by the Government of evidence that is both exculpatory and material.  United States v. Higgs, 713 F.2d 39, 42 (3d Cir. 1983).  Exculpatory evidence includes material that goes to the heart of the defendant's guilt or innocence as well as that which might alter the jury's judgment of the credibility of a crucial prosecution witness.  Giglio, 405 U.S. at 154; Higgs, 713 F.2d at 42.

Evidence impeaching the testimony of Government witnesses is exculpatory when the credibility of a witness may be determinative of a criminal defendant's guilt or innocence.  Giglio, 405 U.S. at 454.  Thus, if the exculpatory evidence creates a reasonable doubt as to the defendant's culpability, it may be held material.  United States v. Agurs, 427 U.S. 97, 112 (1976).

The defense has substantial basis for claiming the materiality of evidence impeaching the truthfulness of a prosecution witness when the testimony of the witness incriminates the defendant and the impeaching evidence significantly impairs the incriminatory quality of that testimony as prospectively viewed by the prosecutor before trial.

The defendant therefore seeks the disclosure of all <u>Brady</u> material.

POINT IV

DEFENDANT SEEKS EARLY DISCLOSURE OF ALL JENCKS ACT MATERIAL OF GOVERNMENT WITNESSES AND SEEKS AN ORDER REQUIRING THE GOVERNMENT TO PRESERVE THE ROUGH NOTES OF ITS AGENTS.

The Court with its inherent supervisory power to control discovery may order the Government to provide the defendant with "Jencks Act" material requested before the testimony of witnesses.  In order to expedite trial and avoid unnecessary delays, it is requested that the Court exercise its discretion and order the Government to turn over its Jencks Act material at least seven (7) days prior to trial.  The defense will then be fully prepared to commence its cross-examination immediately after the witness testifies and if there are any disputed materials forwarded to the defense, such related issues may be decided without the necessity of trial interruptions.

The accused moves before the Court to compel the Government to preserve and retain three categories of documents:

1.      contemporaneous rough notes taken by Government agents during meetings, conversations, or interviews in the course of the investigation;

2.      agents' subsequently prepared drafts of reports of these incidents; and

3.      any and all final reports signed by the agents.

The Third Circuit in <u>United States v. Vella,</u> 562 F.2d 276 (3d Cir. 1977), <u>cert</u>. <u>denied</u>, 434 U.S. 1074 (1979), held that the rough interview notes of FBI agents should be kept and produced so that the trial court can determine whether the notes should be made available to the defendant under

the rule set forth in <u>Brady v. Maryland</u>, 373 U.S. 83 or the "Jencks Act."  <u>See</u> <u>also</u> <u>United States v. Neiderberger</u>, 580 F.2d 63 (3d Cir.), <u>cert</u>. <u>denied</u>, 439 U.S. 980 (1978).

Also, the rough note category has been made applicable to handwritten drafts of agents' reports.  The Government must retain and, upon motion, make available to the District Court both the agents' rough notes and drafts of reports to facilitate the District Court's determination as to whether such items should be produced.  <u>United States v. Ammar</u>, 714 F.2d 238 (3d Cir.), <u>cert</u>. <u>denied</u>, 464 U.S. 936 (1983).

Accordingly, the Court is asked to direct the Government to retain and produce the three categories of documents specified above as well as all Jencks material at least seven (7) days before trial.

<u>POINT V</u>

THE GOVERNMENT SHOULD BE COMPELLED TO DISCLOSE ALL 404(b) EVIDENCE IT ANTICIPATES INTRODUCING SO THAT A RULING CAN BE MADE ON ITS ADMISSIBILITY.

It is anticipated that the Government will attempt to use Fed. Rule Evid. 404(b) evidence to introduce evidence of other crimes in its case in chief.  Rule 404(b) provides in relevant part:

> Evidence of crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, or absence of mistake or accident.

<u>Id</u>.  Specific limitations on evidence offered under Rule 404(b) exist.  Rule 404(b) generally prohibits the admission into evidence of extrinsic acts intended to prove a defendant's propensity for crime or to suggest to the jury unfavorable inferences reflecting on his character.  <u>United States v. Scarfo</u>, 850 F.2d 1015, 1018 (3d Cir.), <u>cert</u>. <u>denied</u>, 488 U.S. 910 (1988).  If offered for a proper purpose, evidence of other crimes or wrongs is admissible, "subject only to the ordinary limitations under Rules 402 and 403."  <u>Id</u>. at 1019.  Other crime evidence may be admitted to show motive,

opportunity, intent, preparation, plan, knowledge, identity, and absences of mistake.  Id. (citations omitted).

Therefore, other crimes evidence will be admissible if (1) the evidence is offered for a proper purpose under Rule 404(b); (2) there is sufficient evidence to support a finding by the jury that the defendant committed the similar act; (3) the prior act evidence is relevant to the case in which it is admitted; and (4) the probative value of the prior act evidence is not substantially outweighed by the danger of unfair prejudice.  Huddelston v. United States, 485 U.S. 681 (1988). The Government bears the burden of establishing the admissibility of evidence it intends to introduce as 404(b) evidence.  Id.

To properly prepare for trial, defendant Telfair requests the Government to specify what Rule 404(b) evidence it anticipates introducing at trial and that the Court then rule on the admissibility of that evidence.

<u>POINT VI</u>

ALL PHYSICAL, SCIENTIFIC, AND EXPERT REPORTS SHOULD BE
PROVIDED TO THE DEFENDANT UNDER RULE 16.

Pursuant to Rules 16(a)(1)(E), (F), and (G) of the Federal Rules of Criminal Procedure, Defendant respectfully asks the Court to Order the Government to disclose all physical evidence and forensic examinations and to disclose all the names, opinions, and qualifications of the Government's proposed experts.  Since the facts and circumstances surrounding this case involve bank robbery, the defense anticipates that the Government will introduce scientific as well as other expert testimony related to bank robbery.  Early disclosure will produce a more efficient trial.

POINT VII

THE DEFENDANT MOVES FOR THE PROSECUTION TO PROVIDE THE
DEFENSE WITH A BILL OF PARTICULARS PURSUANT TO RULE 7(F) OF
THE FEDERAL RULES OF CRIMINAL PROCEDURE.

A defendant's motion for a bill of particulars is authorized under Rule 7(f) of the Federal

Rules of Criminal Procedure.  Under Rule 7(f)

> [t]he court may direct the government to file a bill of particulars.  The defendant may move
> for a bill of particulars before or within 10 days after arraignment or at a later time if the
> court permits.  The government may amend a bill of particulars subject to such conditions as
> justice requires.

Id.  The Third Circuit has stated the following:

> [t]he purpose of the Bill of Particulars is to inform the defendant of the nature of the charges
> brought against him to adequately prepare his defense, to avoid surprise during the trial and
> to protect him against a second prosecution for an inadequately described offense.  A Bill of
> Particulars should fulfill this function when the indictment itself is too vague and indefinite
> for such purposes.

United States v. Addonizio, 451 F.2d 49, 63-64 (3d Cir. 1971), cert. denied, 405 U.S. 936

(1972)(citations omitted).

Motions for a Bill of Particulars should be granted whenever an indictment does not provide

sufficient factual or legal information and said deficiency either impairs a defendant's ability to

prepare a defense or is likely to lead to prejudicial surprise at trial.  United States v. Rosa, 891 F.2d

1063, 1066 (3d Cir. 1989).  When there is uncertainty about whether a Bill of Particulars should be

granted, the defendant must "be given the benefit of the doubt…."  United States v. Thevis, 474

F.Supp. 117, 124 (N.D. Ga.), aff'd, 665 F.2d 616 (5th Cir. 1979).  The law is clear that Rule 7(f) is to

be construed liberally.  United States v. O'Connor, 237 F.2d 466, 475-76 (2d Cir. 1955).  Courts

have determined that motions for a Bill of Particulars should be viewed more liberally where, as

here, the case is complex.  United States v. Earnhart, 683 F.Supp. 717 (W.D. Ark. 1987).  Where an

indictment sets forth the "bare minimum" of the elements of an offense a motion for a Bill of Particulars should be granted.  United States v. Glaze, 313 F.2d 757, 761 (2d Cir. 1963).

Defendant is charged in a single-count superseding indictment.  More particularly, defendant is charged with a conspiracy to distribute over a kilogram of heroin.  A review of the indictment reveals that the Government has failed to provide sufficient information as to the participants of the crime, and has not specified any specific wrongful act allegedly committed by the defendant in connection with the indictment.  These deficiencies make it extremely difficult for Mr. Telfair to adequately prepare a defense.

Absent the above-referenced information, the defendant will be incapable of having notice of precisely what it is he is alleged to have done contrary to the law, exactly when and where the alleged acts took place and how and with whom he allegedly participated in these acts.  The failure to provide this information warrants an Order for a Bill of Particulars.  United States v. Holman, 490 F.Supp. 755, 762 (E.D. Pa. 1980).

<u>POINT VIII</u>

<u>DEFENDANT LAWRENCE SHOULD BE PERMITTED TO FILE
ANY NECESSARY ADDITIONAL PRETRIAL MOTIONS</u>

Due to the nature of the instant case and the legal issues that may arise as a result of defense investigation and continuing discovery, Mr. Telfair reserves the right to file additional motions up until the date of trial.

<u>CONCLUSION</u>

For the foregoing reasons, defendant Thomas Telfair respectfully requests that the Court grant the relief sought herein as well as such other and further relief as the Court deems just and proper.

MURRAY & KIMBALL, LLC

By:     <u>/s/ James P. Kimball</u>
        JAMES P. KIMBALL (JK-9013)
        15 Warren Street, Suite 20
        Hackensack, New Jersey 07601
        (201) 488-4811
        Attorneys for Defendant, Thomas Telfair

Dated: March 24, 2008

MURRAY & KIMBALL, LLC
15 Warren Street, Suite 20
Hackensack, New Jersey 07661
(201) 488-4811
Attorneys for Defendant, Thomas Telfair

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

| UNITED STATES OF AMERICA, |     | | Criminal No. 07-272 (DMC) |
|---|---|---|---|
|     Plaintiff, | | | |
| v. | | | |
| | | | |
| THOMAS TELFAIR, | | | AFFIDAVIT OF COUNSEL |
|     Defendant. | | | |

_____ |

       I, James P. Kimball, Esq., an attorney at law duly admitted to practice before the Federal District Court for the District of New Jersey, having been sworn according to law, do hereby depose and say:

       1.    I am counsel to Defendant Thomas Telfair in this matter.  As such, I am fully familiar with the facts that I am about to relate.

       2.    Mr. Telfair was originally charged on a criminal complaint on September 8, 2006. he was arrested on January 24, 2007.  On March 29, 2007 an Indictment was handed up charging one count of conspiracy to distribute over 100 grams of heroin.  He was arraigned on April 9, 2007. On May 7, 2007 a Superseding Indictment was handed up charging Mr. Telfair with one count of conspiracy to distribute over one kilogram of heroin.

       3.    Upon information and belied, Mr. Telfair was interrogated by DEA agents on January 24, 2007 at both his residence and the offices utilized by the DEA in Newark, New Jersey

I hereby swear that the foregoing facts are true to the best of my present knowledge, information, and belief.  I am aware that if any of the foregoing facts are willfully false, I am subject to punishment.

MURRAY & KIMBALL, LLC

By: /s/ James P. Kimball
   JAMES P. KIMBALL (JK-9013)
   15 Warren Street, Suite 20
   Hackensack, New Jersey 07601
   (201) 488-4811
   Attorneys for Defendant, Thomas Telfair

Dated: March 24, 2008

MURRAY & KIMBALL, LLC
15 Warren Street, Suite 20
Hackensack, New Jersey 07661
(201) 488-4811
Attorneys for Defendant, Thomas Telfair

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

| UNITED STATES OF AMERICA, | | Criminal No. 07-272 (DMC) |
|---|---|---|
| Plaintiff, | | |
| v. | | |
| | | |
| THOMAS TELFAIR, | | ORDER |
| Defendant. | | |

_____ |

THIS MATTER having been brought before the Court on behalf of defendant, Thomas

Telfair, by his attorneys, Murray & Kimball, LLC (James P. Kimball, Esq., appearing), on a motion

for an Order:

(1)      suppressing any and all statements allegedly made by Thomas Telfair to law

enforcement and suppressing any and all evidence seized as a result of the warrantless

search(es) of 185 Parker Street, Newark, New Jersey;

(2)      dismissing the Superseding Indictment pursuant to the Speedy Trial Act;

(3)      for early production of all FBI and other law enforcement agency reports and

documentation produced in connection with any and all investigations by the FBI or any

other law enforcement agency with regard to this matter;

(4)      for early production of all Brady materials;

(5)      for early production of all Jencks and impeachment materials;

(6)      for early production of all Giglio information;

(7)      for early production of any evidence the Government will seek to introduce under

Rule 404(b);

(8)      requiring the Government to preserve its agents' notes;

(9)      allowing the defense to inspect all physical evidence either seized or which the government intends to use at trial pursuant to Fed. R. Crim. Proced. 16(a)(1)(E);

(10)     allowing the defense to inspect and receive a copy of all forensic examinations and test results, together with an identification of all expert witnesses and production of their reports and curriculum vitae pursuant to Fed. R. Crim. Proced. 16(a)(1)(F) and 16(a)(1)(G);

(11)     precluding any mention at trial of Thomas Telfair's prior criminal history (other than if he testifies at trial);

(12)     requiring the production of all pre-marked trial exhibits it intends to produce at trial;

(13)     requiring the production of a bill of particulars;

(14)     granting permission to file additional pretrial motions up to the date set for trial, and for such other and further relief as the Court deems just and proper;

IT IS on this _____ day of _____ 2008

ORDERED that the defendant's motions are granted and:

(1)      all statements allegedly made by Thomas Telfair to law enforcement are hereby suppressed;

(2)      all evidence seized from 185 Parker Street, Newark, New Jersey, is hereby suppressed;

(3)      all charges are dismissed pursuant to the Speedy Trial Act;

(4)      the Government is required to produce all FBI reports and documents and to produce all other law enforcement agencies' reports and documents produced in connection with this case;

(5)       the Government is required to produce for early production all <u>Brady</u> materials;

(6)       the Government is required to produce for early production <u>Jencks</u> and impeachment materials;

(7)       the Government is required to produce for early production all <u>Giglio</u> information;

(8)       the Government is required to produce for early production any evidence that it will seek to introduce under Rule 404(b);

(9)       the Government is required to preserve its agents' notes;

(10)      the defense is permitted to inspect all physical evidence either seized or which the government intends to use at trial pursuant to Fed. R. Crim. Proced. 16(a)(1)(E);

(11)      the defense is permitted to inspect and receive a copy of all forensic examinations and test results, together with an identification of all expert witnesses and production of their reports and curriculum vitae pursuant to Fed. R. Crim. Proced. 16(a)(1)(F) and 16(a)(1)(G);

(12)      the Government is hereby precluded from mentioning at trial any of Thomas Telfair's prior criminal history (other than if he testifies at trial);

(13)      the Government is required to produce a list of all pre-marked trial exhibits it intends to introduce in the trial in this matter;

(14)      the Government is required to provide a bill of particulars;

(15)      Thomas Telfair shall be permitted to file additional pretrial motions up to the date set for trial, and for such other and further relief as the Court deems just and proper;  and it is further

ORDERED that the Court shall conduct an evidentiary hearing on the defendant's suppression motions on the _____ day of _____ 2008; and it is further

ORDERED that on or before the _____ day of _____ 2008, the parties

shall exchange all discovery to be used in or relating to the issues for determination in the

evidentiary hearing and the defendant's motions to suppress.


 

 

_____
Hon. Dennis M. Cavanaugh, U.S.D.J.
United States District Court Judge

MURRAY & KIMBALL, LLC
15 Warren Street, Suite 20
Hackensack, New Jersey 07661
(201) 488-4811
Attorneys for Defendant, Thomas Telfair

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

| UNITED STATES OF AMERICA, | | Criminal No. 07-272 (DMC) |
|---|---|---|
| Plaintiff, | | |
| v. | | |
| | | |
| THOMAS TELFAIR, | | AFFIDAVIT OF SERVICE |
| Defendant. | | |

_____ |

STATE OF NEW JERSEY     )
                        )          ss.:
COUNTY OF BERGEN        )

I am an attorney at law in the State of New Jersey.  On the 25th day of March, 2008, I

caused to be served a true and accurate copy of defendant Thomas Telfair's Pretrial Motions via

electronic filing and prepaid first class U.S. mail upon the following attorneys of record:

> AUSA Joseph N. Minish
> United States Attorney's Office
> 970 Broad Street
> Newark, New Jersey 07102

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of

the foregoing statements made by me are willfully false I am subject to punishment.

> MURRAY & KIMBALL, LLC
>
> By:     /s/ James P. Kimball
>         JAMES P. KIMBALL (JK-9013)
>         15 Warren Street, Suite 20
>         Hackensack, New Jersey 07601
>         (201) 488-4811
>         Attorneys for Defendant, Thomas Telfair

Dated: March 25, 2008