

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*OCDETF Unit*

---

| Joseph N. Minish | 970 Broad Street, Suite 700 | (973) 297-2012 |
| Assistant U.S. Attorney | Newark, New Jersey 07102 | Fax: (973) 645-2094 |

May 5, 2008

Hon. Dennis M. Cavanaugh
United States District Judge
United States Post Office and Courthouse
Federal Square
Newark, New Jersey 07102

    Re:   **United States v. Thomas Telfair, a/k/a "Hassan Gatling"
Criminal No. 07-272 (DMC)**

Dear Judge Cavanaugh:

    Please accept this letter brief in lieu of a more formal submission in support of the Government's motion for an order that defendant Thomas Telfair be precluded from cross-examining a witness whom the Government may call during its case-in-chief about the witness's mental health at trial because nothing in the witness's psychological history pertains to the witness's credibility or ability to recollect or accurately relate the subject matter of the witness's testimony.

    Evidence of a witness's psychological history may be admissible when it goes to the witness's credibility. However, in assessing the probative value of such evidence, the court should consider such factors as the nature of the psychological problem, *Chnapkova v. Koh*, 985 F.2d 79, 81 (2d Cir.1993) (paranoid and delusional condition likely to be probative), the temporal recency or remoteness of the history, *id.* at 81-82 (paranoid delusions five years earlier too remote); *United States v. Bari*, 750 F.2d 1169, 1179 (2d Cir. 1984) (more than 10 years too remote); *United States v. Glover*, 588 F.2d 876, 878 (2d Cir. 1978) (12 years too remote), and whether the witness suffered from the problem at the time of the events to which he is to testify, so that it may have affected his "ability to perceive or recall events to which he is to testify or to testify accurately," *United States v. Butt*, 955 F.2d 77, 82 (1st Cir. 1992).

    For example, in *United States v. Sasso*, 59 F.3d 341 (2d Cir. 1995), the Second Circuit examined the very common issue of whether a witness's prior history of depression and the medications prescribed for that illness was the proper subject of cross-examination. The *Sasso* court ruled that the trial court

properly precluded cross-examination on these subjects where there was no indication that the witness's illness "put her in a delusional state" or that the medications the witness was prescribed affected her ability to perceive and recall the events to which she testified. *Id.* at 348. Additionally, *Sasso* held that the trial court "has discretion to limit such evidence if it determines its probative value is outweighed by its potential for unfair prejudice, confusion of the issues, or waste of time." *Id.* Similarly, the First Circuit has explained that "federal courts appear to have found mental instability relevant to credibility only where, during the time-frame of the events testified to, the witness exhibited a pronounced disposition to lie or hallucinate, or suffered from a severe mental illness, such as schizophrenia, that dramatically impaired her ability to perceive and tell the truth." *United States v. Butt*, 955 F.2d at 82-83.

The witness told the Government that the witness was sexually assaulted at the age of 13. The witness was thereafter diagnosed as being bi-polar and having depression. The witness received treatment for those conditions, which included prescription medication. The witness has not taken any medication since September 6, 2006. The witness informed the Government the witness was never diagnosed with any disorder related to delusional thinking nor did the medication ever impair the witness's ability to perceive or recall events. The Government believes that it should not have to disclose any additional information about the witness's mental health.

If the Court requires further information, because of the confidential nature of the witness's psychological history, the Government requests that any further information be submitted *ex parte* under seal for *in camera* review. As the Third Circuit has held:

> although *Brady v. Maryland*, 373 U.S. 83, 87-88 (1963), mandates that the prosecution disclose impeachment material that is exculpatory to the defendant, it does not require that the prosecution make the file available for the defendant's general perusal. Instead, the government need only direct the custodian of the files to inspect them for exculpatory evidence and inform the prosecution of the results of that inspection, or, alternatively, submit the files to the trial court for in camera review.

*United States v. Dent*, 149 F.3d 180, 191 (3d Cir. 1998); *see, e.g., Pennsylvania v. Ritchie*, 480 U.S. 39, 61(1987) ("where psychiatric, investigative or medical information is privileged or confidential, it is to be turned over to the trial court for *in camera* review to balance the needs of the defendant and the state or individual's need to keep those records private").

The witness's psychological history should not be the subject of cross-examination since nothing in the witness's psychological history impaired the witness's ability to perceive or recall events.  Therefore, the Government respectfully requests that this Court order that defendant Thomas Telfair be precluded from cross-examining the witness about the witness's mental health and psychological history.

                                        Respectfully submitted,

                                        Christopher J. Christie
                                        United States Attorney

                                        s/ Joseph N. Minish

                                        By: Joseph N. Minish
                                        Assistant U.S. Attorney


cc:    James P. Kimball, Esq. ***(Via Facsimile @ (201) 488-4781)***